**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHAN SMOLEN, JR. on behalf of himself and those similarly situated<br>70 Pulaski Avenue, Apt. 2<br>Carteret, NJ 07008<br>and<br>GERARD DEROGATIS, JR., on behalf of himself and those similarly situated<br>219 Water Street<br>Perth Amboy, NJ 08861<br>and<br>ANTHONY TUNISON, on behalf of himself and those similarly situated<br>2591 Woodbridge Avenue<br>Edison, NJ 08817<br><br>Plaintiffs,<br><br>v.<br><br>VIGO INDUSTRIES<br>2122 Felver Court.<br>Rahway, NJ 07065<br>and<br>DAWN KELVER, GREGORY SCHILLMAN, AND LENNY VANDENBURGH<br>c/o Vigo Industries<br>2122 Felver Court.<br>Rahway, NJ 07065<br>and<br>FELIX [last name unknown]<br>c/o Vigo Industries<br>2122 Felver Court.<br>Rahway, NJ 07065<br><br>Defendants. | CIVIL ACTION NO:<br><br>COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND |

## COLLECTIVE ACTION CIVIL COMPLAINT

Stephan Smolen, Jr., Gerard Dergatis, Jr., and Anthony Tunison, on behalf of themselves and those similarly situated (hereinafter referred to as "Plaintiffs") hereby complain as follows against Defendants.

## INTRODUCTION

1. Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Plaintiffs assert that Defendants failed to pay them and those similarly situated proper overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff Stephan Smolen, Jr. is an adult sui juris individual with an address as set forth above.

8. Plaintiff Gerard DeRogatis, Jr. is an adult sui juris individual with an address as set forth above.

9. Plaintiff Anthony Tunison is an adult sui juris individual with an address as set forth above.

10. Defendant Vigo Industries is, upon information and belief, a New Jersey corporation established under New Jersey Law(s).

11. Defendant Vigo Industries operates at least one facility in the state of New Jersey.

12. Defendant Dawn Kelver is the "Director of Operations" of Defendant Vigo Industries and at all times relevant hereto had control over processing payroll regarding Plaintiffs.

13. Defendants Gregory Schillman and Lenny Vandenburgh are owners of Defendant Vigo Industries and at all times relevant hereto had control over processing payroll regarding Plaintiffs.

14. Upon information and belief, a third person, whose first name is Felix and whose last name is unknown to Plaintiffs at this time, is also an owner of Defendant Vigo Industries and at all times relevant hereto had control over processing payroll regarding Plaintiffs.

15. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiffs and those similarly situated are current and/or former employees of Defendant Vigo Industries who within the last three years have been or are presently employed by Vigo Industries.

18. Plaintiffs Smolen, DeRogatis, and Tunision worked for Defendant Vigo Industries at its location in Rahway, NJ although they took direction from the same management who oversaw all locations of Defendant Vigo Industries.

19. Upon information and belief, Defendant Vigo Industries has maintained an unlawful wage payment system for at least the last three years.

20. Specifically, until in or around early 2010, Defendant Vigo Industries paid all its employees hourly and failed to pay any premium for overtime hours worked.

21. In or around early 2010, Defendant Vigo Industries changed the way it compensated employees by informing all its employees that they would now be considered "salaried" employees.

22. Vigo Industries further informed its employees that to earn their "salary" each week, they would have to work at least 45 hours per workweek.

23. Defendant Vigo Industries then withheld a pro-rated portion of the salary if an employee failed to work 90 hours in a two-week pay period.

24. Pursuant to this policy, when Plaintiffs did not work at least 90 hours in two weeks, Defendants deducted 1/90 of their salary for each hour missed.

25. Accordingly, despite labeling such employees as "salaried," the employees were *defacto* hourly employees.

26. In addition, Defendants forced Plaintiffs to work off the clock when they worked beyond 45 hours in a workweek.

27. Plaintiff Smolen worked for Defendants for approximately 5-6 months, ending in or about July of 2010.

28. Plaintiff Smolen was hired as a laborer by Defendant Vigo Industries in or about January of 2010.

29. As a laborer, Smolen performed primarily manual labor for Defendant Vigo Industries.

30. Plaintiff Smolen consistently worked more than 40 hours per week while working as a laborer.

31. Pursuant to the unlawful pay practices of Defendants, Plaintiff Smolen was not paid a 50% premium for his overtime hours while he worked as a laborer.

32. In or around March of 2010, Plaintiff Smolen was promoted to a supervisory position.

33. Even after becoming a supervisory employee, however, Defendants failed to pay Plaintiff Smolen as a salaried employee because Defendants continued to deduct Plaintiff Smolen's wages if he failed to work 90 hours in a two week pay period pursuant to its policies as explained *supra* in paragraphs 20-25.

34. Accordingly, Plaintiff Smolen was at all times an hourly employee under the FLSA.

35. As a supervisory employee who was a *defacto* hourly employee, Plaintiff Smolen consistently worked more than 40 hours per week and was not paid a proper premium payment for his overtime hours.

36. Plaintiff Tunison worked for Defendants in or about March 2010 to June of 2010.

37. During Plaintiff Tunison's employment with Defendants, Plaintiff Tunison performed primarily customer support and manual labor for Defendant Vigo Industries.

38. Plaintiff Tunison consistently worked more than 40 hours per workweek while working for Defendants.

39. Pursuant to the unlawful pay practices of Defendants, Plaintiff Tunison was not paid a 50% premium for his overtime hours.

40. Plaintiff DeRogatis was employed as a laborer with Defendants from in or around March of 2010 to in or around May of 2010.

41. Plaintiff DeRogatis consistently worked more than 40 hours per workweek while working for Defendants.

42. Pursuant to the unlawful pay practices of Defendants, Plaintiff DeRogatis was not paid a 50% premium for his overtime hours worked.

43. Pursuant to their unlawful policies and practices, Defendants failed to pay Plaintiffs proper overtime compensation for each hour worked beyond forty in a workweek

44. Upon information and belief, Defendants maintain across-the-board unlawful pay policies and practices designed and orchestrated to evade state and federal wage laws.

**Count I**
**<u>Fair Labor Standards Act ("FLSA")</u>**
**(Failure to pay Overtime Compensation)**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

47. At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

48. At all times relevant herein, Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

49. Under the FLSA, an employer must pay an employee at least one and one half times his or her hourly rate for each hour worked in excess of forty hours per workweek.

50. Defendants' violations of the FLSA include, but are not limited to:

    a. Not paying Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek;

    b. Not using proper record keeping mandated by the Department of Labor to ensure that Plaintiffs were paid for each and every hour they worked; and

    c. Improperly labeling employees as "salaried" even though they were in fact hourly employees.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of federal wage laws;

(2) Defendants are to compensate, reimburse, and make Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Plaintiffs should be accorded those benefits illegally withheld.

(3) Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4) Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

Respectfully Submitted,

Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: November 1, 2010